UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY L. KEELER and
PEGGY J. KEELER,

                    Plaintiffs,

v.                                           **DECISION AND ORDER**
                                                  09-CV-254S

DIVERSIFIED COLLECTION SERVICES, INC.,

                    Defendant.

## I. INTRODUCTION

In this action, Plaintiffs Timothy L. Keeler and Peggy J. Keeler allege that Defendant Diversified Collection Services, Inc. engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Presently before this Court is Plaintiff Timothy L. Keeler's[1] Motion for Partial Summary Judgment. Plaintiff seeks summary judgment on one of his claims for liability.[2] For the reasons that follow, this motion will be denied.

---

[1] Plaintiff Peggy J. Keeler does not take part in bringing this motion.

[2] In support of his motion, Plaintiff filed a Notice of Motion with exhibits, a memorandum of law, a Statement of Facts Pursuant to Local Rule 56, an Appendix, the Declaration of Plaintiff Timothy L. Keeler, the Declaration of Kenneth R. Hiller, Esq., and a reply memorandum. (Docket Nos. 36, 47.) In opposition, Defendant filed a Response to Plaintiff's Statement of Facts Pursuant to Local Rule 56 and a memorandum of law. (Docket Nos. 43, 44.)

## II.   BACKGROUND

**A.   Facts**

The following relevant and undisputed facts are limited to the claim at issue in Plaintiff's instant motion. Familiarity with the general facts and arguments is presumed.

Plaintiff Timothy L. Keeler incurred a debt in the form of a student loan from HSBC Bank, USA ("HSBC"). (Plaintiff's Statement, ¶ 5;[3] Defendant's Statement, ¶ 1.[4]) After Plaintiff stopped making payments, HSBC assigned the loan to the United States Department of Education, which then referred it to Defendant to collect. (Plaintiff's Statement, ¶¶ 5, 8; Defendant's Statement, ¶ 1.) Defendant is a debt collector, as defined by section 1692a(6) of the FDCPA. (Plaintiff's Statement, ¶ 7; Defendant's Statement, ¶ 1.) Defendant assigned the task of collecting the debt to Clifford Martin, one of its collectors. (Plaintiff's Statement, ¶¶ 4, 11; Defendant's Statement, ¶ 1.)

Several weeks into Martin's pursuit of collecting Plaintiff's debt, on August 22, 2008, Martin and Plaintiff spoke by telephone. (Plaintiff's Statement, ¶ 11; Defendant's Statement, ¶ 1.) Martin called Plaintiff at the contact phone number that Plaintiff had provided to Defendant earlier the same day, but reached Plaintiff's answering machine. (Clifford Martin Dep., pp. 47–48.[5]) A few minutes later, Plaintiff returned Martin's call and they discussed, *inter alia*, collection of Plaintiff's debt. (Clifford Martin Dep., pp. 48–49; Plaintiff's Statement, ¶ 11; Defendant's Statement, ¶ 1.)

Defendant has a policy of keeping a written record of communication efforts with

---

[3] Referring to Plaintiff's Statement of Facts Pursuant to Local Rule 56. (Docket No. 36-1.)

[4] Referring to Defendant's Response to Plaintiff's Statement of Facts. (Docket No. 43.)

[5] Referring to the transcript of Clifford Martin's deposition. (Docket No. 36-9.)

2

respect to each debt collection account.  (Plaintiff's Statement, ¶ 10; Defendant's Statement, ¶ 1.)  The record of Martin's notes regarding his August 22, 2008 conversation with Plaintiff reflects the following abbreviated comments:

> 06:41   Debtor. First Demand Contact: Refuses to Pay (Call-In). [D]btr said has mental dis, and he is bi polar and is gonna have surgery soon said he is getting dis, told him rams of not paying said whatever and hu . . Contacted DCS

(Defendant's Transaction History, p. 5.[6])

With respect to these notes, Martin explained at his deposition that Plaintiff had said that (1) "he had a mental disability," (2) "he was bipolar," (3) "he's going to have surgery soon," and (4) "he's getting disability."  (Clifford Martin Dep., p. 49.)  Further, Martin had told Plaintiff "the ramifications of not paying" his debt, to which Plaintiff replied, "whatever" and hung up the telephone.  (Id.)  Also during this August 22, 2008 conversation with Plaintiff, Martin "advised Mr. Keeler of the possibility of the initiation of administrative garnishment procedures to collect the student loan debt."  (Plaintiff's Statement, ¶ 11; Defendant's Statement, ¶ 1.)

At the time of this conversation, Plaintiff was receiving $724.00 in monthly Supplemental Security Income ("SSI") benefits.  (Plaintiff's Statement, ¶ 15; Defendant's Statement, ¶ 5.)

---

[6]Referring to Plaintiff's exhibit of Defendant's Transaction History of communications with respect to Plaintiff Timothy L. Keeler's account.  (Docket No. 36-11.)

**B.    Procedural History**

Plaintiffs Timothy L. Keeler and Peggy J. Keeler commenced this action on March 19, 2009, by filing a Complaint in the United States District Court for the Western District of New York.  (Docket No. 1.)  Defendant filed an Answer on April 30, 2009.  (Docket No. 3.)  After the conclusion of discovery and mediation efforts, Plaintiff Timothy L. Keeler moved for Partial Summary Judgment on March 28, 2011.  (Docket No. 36.)  After full briefing, this Court took the motion under advisement on April 22, 2011, without oral argument.

### III.  DISCUSSION AND ANALYSIS

**A.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" only if it "might affect the outcome of the suit under governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Id.

In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion."  Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970) (internal quotations and citation omitted); see also FED. R. CIV. P. 56(c).  "Only when reasonable minds could not differ as

to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted). Indeed, "[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004) (citations omitted). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**B.     Plaintiff's Motion for Partial Summary Judgment**

The FDCPA is a consumer-protection statute enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 85 (2d Cir. 2003) (quoting 15 U.S.C. § 1692(e)). The statute "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." DeSantis v. Computer Credit, Inc. 269 F.3d 159, 161 (2d Cir. 2001). For example, debt collectors are prohibited from using false, deceptive, or misleading representations to collect a debt. See 15 U.S.C. § 1692e.

Plaintiff seeks summary judgment on liability for his claim that Defendant violated 15 U.S.C. § 1692e(4), (5), and (10) by deceptively representing to him that his Social Security benefits could be garnished for repayment of his debt. Section 1692e specifically

5

prohibits the "representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," 15 U.S.C. § 1692e(4), and further specifies that a "threat to take any action that cannot legally be taken or that is not intended to be taken" is a violation of the FDCPA, 15 U.S.C. § 1692e(5). The statute also prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Plaintiff argues that he is entitled to summary judgment because although his monthly SSI benefits were exempt from garnishment in 2008, Martin informed him during their August 22, 2008 conversation that fifteen percent of his SSI benefits could be garnished to collect Plaintiff's student loan debt, constituting a threat of action that could not legally be performed, in violation of 15 U.S.C. § 1692e(4) and (5). Plaintiff also asserts that Martin's statements regarding potential garnishment in the absence of further explanation that Plaintiff's own benefits could or would be exempt were deceptive and misleading and thus in violation of 15 U.S.C. § 1692e(10).

Defendant opposes Plaintiff's motion and contends that disputed issues of material fact exist as to what Martin actually communicated to Plaintiff regarding garnishment during their August 22, 2008 telephone conversation and, specifically, as to whether Martin mentioned garnishment of Plaintiff's SSI benefits. Defendant further argues that any statements that Martin made during the conversation were to inform Plaintiff of the possibility of an administrative offset, rather than to mislead him to believe that such offset would necessarily occur.

Having reviewed the evidence presented, particularly the provided transcription of Plaintiff's deposition of Martin, it is not clear, as Plaintiff contends, that a misleading representation or threat was made during the August 22, 2008 conversation that violated 15 U.S.C. § 1692e(4),[7] (5), and (10) as a matter of law. Indeed, nowhere in the provided transcription is there testimony from Martin that he specifically advised Plaintiff that his SSI benefits could or would be subjected to administrative garnishment, nor is there any evidence whatsoever that Martin specifically discussed Plaintiff's SSI benefits in any respect. (Clifford Martin Dep., pp. 47–51.) Rather, the transcript reflects that when asked whether he recalled what he told Plaintiff with respect to "the ramifications" of not paying the debt, Martin testified that:

> [w]ell, we would have told him about the administrative wage garnishment procedures.

(Clifford Martin Dep., p. 49.)

In response to counsel's follow-up question of "[t]hat's what you generally say to that?" and without providing any insight as to his specific conversation with Plaintiff, Martin testified only that it would have been customary to tell debtors about administrative wage garnishment procedures because "[i]t's all scripted."[8] (Clifford Martin Dep., p. 50.) Indeed, Martin apparently never responded to Plaintiff's counsel's question, "[b]ut you don't actually

---

[7] Plaintiffs did not allege a violation of 15 U.S.C. § 1692e(4) in their Complaint, however, Timothy L. Keeler now alleges a violation of this statute and seeks summary judgment as to his claim. (Docket No. 1, ¶ 26.) In its opposition to the instant motion, Defendant does not claim to have been prejudiced by Plaintiff's failure to pursue this claim in his Complaint. Further, Plaintiffs alleged sufficient facts in their Complaint to put Defendant on notice that a claim would be brought under this section. (Docket No. 1, ¶¶ 21, 22, and 26(E).) Thus, although just raised for the first time, Plaintiff's claim for violation of 15 U.S.C. § 1692e(4) will be considered.

[8] The script has not been provided to this Court.

specifically recall speaking to Mr. Keeler about [the administrative wage garnishment procedures]?" (Clifford Martin Dep., p. 50.) In sum, the deposition transcript is unedifying as to whether Martin made a misleading statement—or any statement for that matter—during the August 22, 2008 conversation with respect to garnishment of Plaintiff's exempt SSI benefits.

It is undisputed only that Martin "advised Mr. Keeler of the possibility of the initiation of administrative garnishment procedures to collect the student loan debt." (Plaintiff's Statement, ¶ 11; Defendant's Statement, ¶ 1.) Because the parties dispute whether Martin's statements were specifically made with respect to garnishment of Plaintiff's exempt SSI benefits, or included scripted statements having to do only with general administrative garnishment, this Court finds that an issue of fact for the jury exists as to whether Martin made a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e during the August 22, 2008 conversation. Without more, and drawing all inferences from the general statements elicited at Martin's deposition in Defendant's favor, this Court finds a genuine dispute of material fact as to Plaintiff's claims. Summary judgment is therefore precluded.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Partial Summary Judgment (Docket No. 36) is DENIED.

SO ORDERED.

Dated:     May 20, 2011
           Buffalo, New York

                                             /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                 Chief Judge
                                            United States District Court